# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS<br><br>*Plaintiff*,<br><br>v.<br><br>GLOSENSE DERMATOLOGY & AESTHETICS, LLC and ANNIE GONZALEZ, individually.<br><br>*Defendant*. | Case No. 1:25-cv-23266<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, TAMARA WAREKA p/k/a TAMARA WILLIAMS, by and through her undersigned counsel, brings this Complaint against Defendant, GLOSENSE DERMATOLOGY & AESTHETICS, LLC and ANNIE GONZALEZ, individually, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*. and 17 U.S.C. § 1202.

## PARTIES

2. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer.

3. Defendant Glosense Dermatology & Aesthetics, LLC ("Glosense") is a Florida limited liability company with a principal place of business at 7875 S.W. 104 Street, Suite 203, Miami, Florida 33156.

4. Defendant Annie Gonzalez ("Gonzalez") is an individual domiciled in the state of Florida and is or was at all relevant times the principal officer, owner, or member of the Defendant business entity named in this Complaint (Glosense").

5. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendant named in this caption.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of Florida and/or Defendant transacts business in the State of Florida, including this judicial district.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises

under the Copyright Act of the United States and Defendant resides in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Tamara Wareka p/k/a Tamara Williams*

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photographer. Williams is most well known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams (previously @tamarawilliams1), which has amassed over 600,000 followers.

10. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim,* and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

11. Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Williams' work is intended to deter would-be infringers from copying and profiting from her work without permission.

12. Williams is the sole creator and exclusive rights holder to a beauty photograph of model Angelia A (the "Beauty Photograph").

13. Attached hereto as Exhibit A is a true and correct copy of the Beauty

Photograph.

14. Williams' Beauty Photograph as originally published included a watermark "@tamarawilliams1" ("Plaintiff's Watermark").

15. Williams registered the Beauty Photograph with the United States Copyright Office under Registration No. VA 2-259-542, with an effective date of July 13, 2021.

16. Attached hereto as Exhibit B is a true and correct copy of Registration No. VA 2-259-542.

### *Defendant Glosense Dermatology & Aesthetics, LLC and Annie Gonzalez*

17. Defendant Glosense is and was, at all relevant times, the owner, operator, and manager of a commercial website https://glosenseskin.com/ ("Defendant's Website").

18. Defendant Glosense is a medical spa specializing in facial, body, and medical aesthetic treatments, including but not limited to: body contouring; skin tightenting; dermal fillers; microneedling; and cryosurgery. *See generally* https://glosenseskin.com/.

19. Defendant manages, operates, and controls an Instagram Page @glosensedermatology https://www.instagram.com/glosensedermatology/ ("Defendant's Business Instagram"), which directly promotes Defendant's products and services.

20. Specifically, the biography section of Defendant's Business Instagram states "Elevate your GLO Expert cosmetic dermatology practice by @dr.g_derm 305-735-8200 for bookings Miami , FL 33159" and includes four links to various websites, including Defendant's Website and a payment platform for users to pay for Defendant's services.

21. Upon information and belief, Defendant's Business Instagram generates content to promote Defendant's products to attract social media followers and user traffic to Defendant's Website in order to generate direct revenue through the promotion and sale of its products and services.

22. Defendant Gonzalez manages, operates, and controls a personal Instagram Page @dr.g_derm [https://www.instagram.com/dr.g_derm./](https://www.instagram.com/dr.g_derm./), which directly promotes Defendant Gonzalez as a Board-certified dermatologist and her business, Defendant Glosense ("Defendant's Personal Instagram").

23. Defendant's Business Instagram and Defendant's Personal Instagram shall collectively be referred to as "Defendants' Social Media Pages").

24. At all relevant times, Defendants had the ability to supervise and control all content on Defendants' Social Media Pages.

25. At all relevant times, Defendants had a direct financial interest in the content and activities of Defendants' Social Media Pages (including the activities alleged in this Complaint).

26. At all relevant times, Defendants' Social Media Pages were readily accessible to the general public throughout Florida, the United States, and the world.

27. Upon information and belief, the Defendants named in this Complaint (including Glosense and Gonzalez) were at all relevant times acting as agents and alter egos for each other and are thus each jointly, severally, and personally liable for the debts and liabilities of each other.

28. At all relevant times, Defendant Glosense and Defendant Gonzalez, had the ability to supervise and control all content on Defendant's Social Media Pages.

### *Defendant Glösensse and Defendant Gonzalez' Willful Unauthorized Use of the Beauty Photograph*

29. On or about May 31, 2024, Plaintiff discovered her Beauty Photograph copied, displayed, and published in a joint post on Defendant's Business Instagram and Defendant's Personal Instagram with the words "Lip Filler Results xx Dr. G" across the photo, and a caption that read "Transform Your lips at Glösense Dermatology & Aesthetics! Ready to enhance your natural beauty? Our expert cosmetic dermatology practice, led by Dr. Annie Gonzalez, specializes in lip fillers that give you fuller, more defined lips with a natural look. Whether you're looking for subtle volume or a more dramatic pout, we've got you covered! ✨ Why Choose Us? – Personalized consultations – Safe and effective treatments – Long-lasting, natural results Don't wait to get the lips you've always dreamed of. Book your

appointment today and let us help you shine! 📅 Schedule now: 305-735-8200 🌐 Visit: glosenseskin.com … CONTACT 📱 Phone: 305-735-8200" 📧 Email: info@glosenseskin.com 📍 GLOSENSE LOCATION 7875 SW 104th St, 203, Miami, FL 33156", followed by the same caption in Spanish ("Infringing Post").

30. Attached hereto as Exhibit C is a true and correct screenshot of the Beauty Photograph as used on the Infringing Post.

31. Upon information and belief, the Infringing Post was created as a "joint" post whereby it was published to both of Defendants' Social Media Pages and therefore published and displayed to the separate follower lists of both Defendants.

32. In no event did Williams grant Defendant Glosense or Defendant Gonzalez a license, permission, or authorization to use, make a copy of, or publicly display the Beauty Photograph in the Infringing Post on either of Defendants' Social Media Pages.

33. Defendant Glosense and Defendant Gonazalez (including its agents, contractors or others over whom she has responsibility and control) created an unauthorized copy of the Beauty Photograph and caused it to be uploaded to and displayed in the Infringing Post on Defendants' Social Media Pages.

34. Williams is informed and believes that the purpose of the use of the Beauty Photograph in the Infringing Post was to couple high-quality visual content,

via a professionally produced photograph, with textual content to create an aesthetic, visually inviting presentation of the marketing message and support Defendants' marketing goals to entice users to browse through the Defendants' Social Media Pages and Defendant's Website and ultimately seek products from Defendants which would generate revenue for Defendants. Specifically, Defendants copied, displayed and published the Beauty Photograph to Defendant's Social Media Pages in order to advertise Defendants' lip filler services, as evidenced by the caption included in the Infringing Post by Defendants.

35. Defendant Glosense and Defendant Gonzalez (including its agents, contractors or others over whom she has responsibility and control) used, displayed, published, posted, and otherwise held out to the public Williams' original and unique Beauty Photograph for commercial purposes and to acquire a direct financial benefit from use of the Beauty Photograph. Specifically, Defendants copied, displayed and published the Beauty Photograph to Defendant's Social Media Pages in order to advertise Defendants' lip filler services, as evidenced by the caption included in the Infringing Post by Defendants.

36. After discovering the Infringing Post, Williams, through counsel, sent cease and desist correspondence to Defendant and attempted to resolve this matter directly with Defendant but the Parties were unable to resolve the matter.

37. In no event did Williams consent to, authorize, or provide Defendants

with a license to use or display the Beauty Photograph on Defendants' Social Media Pages.

38. Defendants willfully infringed upon Plaintiff's copyright in the Beauty Photograph because, *inter alia,* Defendant knew, or should have known, they did not have a legitimate license, permission, or authorization to use the Beauty Photograph on Defendants' Social Media Pages. Specifically, the Williams' Beauty Photograph as initially published included Plaintiff's Watermark which would have put Defendants on notice of Plaintiff's ownership of the Beauty Photograph.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Williams owns a valid copyright in the Beauty Photograph.

41. Williams registered the Beauty Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

42. Defendant Glosense and Defendant Gonzalez (including its agents, contractors or others over whom it has responsibility and control) created unauthorized copies of and displayed Williams' unique and original Beauty Photograph without Plaintiff's consent or authorization in violation of 17 U.S.C. § 501.

43. Defendants willfully infringed upon Plaintiff's rights in the copyrighted Beauty Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants created an unauthorized copy of the Beauty Photograph and used, displayed, and otherwise held out to the public for commercial benefit Plaintiff's original and unique Beauty Photograph, by using it on Defendants' Social Media Pages to directly promote Defendants' injection services, and Defendants knew, or should have known, they did not have a legitimate license to use the Beauty Photograph.

44. Defendants' actions were willful because the Beauty Photograph contained Plaintiff's Watermark and Defendant was on notice of who to seek permission from to use the Beauty Photograph.

45. As a result of Defendants violations of Title 17 of the U.S. Code, Plaintiff Williams has sustained significant injury and irreparable harm.

46. Plaintiff is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Williams' election, statutory damages pursuant to 17 U.S.C. § 504(c).

47. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

48. Plaintiff Williams is also entitled to injunctive relief to prevent or

restrain infringement of her copyrights pursuant to 17 U.S.C. § 502.

49. Defendants were at all relevant times each acting as agents and alter egos for each other and are thus each jointly severally liable for the debts and liabilities of each other.

## DEMAND FOR JURY TRIAL

50. Plaintiff Tamara Williams hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant Glosense and Defendant Gonzalez as follows:

- For a finding that Defendants infringed Williams' copyright interest in the Beauty Photograph by copying, displaying, and distributing it without a license or consent;

- For a finding that Defendants conduct was willful;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff Williams' election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation pursuant to 17 U.S.C. § 505 and § 1203(b)(4);

- For costs of reasonable attorney's fees pursuant to 17 U.S.C. § 505 and § 1203(b)(5);

- For an injunction preventing Defendants from further infringement of all of Williams' copyrighted works pursuant to 17 U.S.C. § 502;

- For pre judgment and post judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: July 22, 2025                                Respectfully submitted,

**/s/ Rosemary G. Sparrow**
Rosemary G. Sparrow, Esq.
FBN 1044700
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200
Las Vegas, NV 89032
(714) 617-8340
(714) 597-6729 facsimile
rsparrow@higbee.law
*Counsel for Plaintiff*